## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

MELVIN M. BROWN,                                                                            PETITIONER
ADC #145035

v.                                        5:13CV00207-KGB-JJV

RAY HOBBS, Director,
Arkansas Department of Correction                                                           RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## DISPOSITION

### I.  BACKGROUND

On June 25, 2009, a Ouachita County jury convicted Mr. Brown of possession of a controlled substance, crack cocaine, with intent to deliver; simultaneous possession of drugs and firearms; possession of a firearm by certain persons; and maintaining a drug premises. (Doc. No. 13.) The Arkansas Court of Appeals recited the evidence supporting his conviction as follows:

> Agent Spells of the 13th District Drug Task Force, testified that on August 1, 2008, he obtained a search warrant to search Brown's home. The officers entered Brown's home and found Brown in the northwest bedroom. In the bedroom with Brown, the officers found crack cocaine and a firearm. According to the crime lab analysis the total weight of the crack cocaine was 6.8653 grams. The crack cocaine was inside a white pill bottle packaged in two small baggies. Patricia Brown, Brown's wife, testified that she was familiar with the firearm that was in the house. She said that it was there for her protection because Brown was always away for work. Patricia testified that she was present at the time of the search but was not living in the home. She and Brown were having problems and were separated at the time. Patricia stated that part of the reason they were separated was because of Brown's addiction to crack cocaine. She said that Brown has had a drug problem for fifteen years.

*Brown v. State,* 2010 Ark. App. 303, 2010 WL 1395143 (Apr. 7, 2010).

On June 25, 2009, he was sentenced to sixty years in the Arkansas Department of Correction. (Doc. No. 13.) Mr. Brown filed a timely appeal on July 22, 2009, challenging the sufficiency of the evidence supporting his conviction for possession of crack cocaine with intent to deliver. (Doc. No.

2

2 at 53.) On April 7, 2010, the Arkansas Court of Appeals affirmed his conviction. (Doc. No. 13.)

Mr. Brown filed a timely Rule 37 petition for post conviction relief on May 5, 2010. (Doc. No. 2 at 27-41.) The Ouachita County Circuit Court held an evidentiary hearing on August 8, 2011, and denied relief in an order entered November 1, 2011. (Doc. No. 2 at 50-54.)

Mr. Brown filed a timely notice of appeal with the Circuit Court of Ouachita County on November 16, 2011, but he failed to file a notice of appeal with the Arkansas Supreme Court and failed to lodge the record of his post-conviction proceedings with the Arkansas Supreme Court. Thus, very importantly, he failed to "properly file" his appeal.

Over the next six months, he made various requests and motions to the circuit court to lodge the record with the Arkansas Supreme Court, but these were denied. On July 2, 2012, Mr. Brown filed a motion for rule on clerk with the Arkansas Supreme Court, seeking to lodge the record belatedly, but it was denied January 22, 2013. Mr. Brown filed a petition for writ of mandamus with the Arkansas Supreme Court in April 2013, which the court treated as a motion for reconsideration and dismissed on May 16, 2013. (Doc. No. 14).

Mr. Brown filed his federal habeas Petition on July 5, 2013 (Doc. No. 2), and amended it on October 29, 2013 (Doc. No. 13). In his Petition, Mr. Brown raises essentially the same claims he raised in his Rule 37 petition. Those claims are: 1) his arrest was unreasonable because it was not supported by probable cause; 2) he was detained to a degree associated with formal arrest without probable cause; and 3) trial counsel was ineffective for failing to move to suppress evidence seized pursuant to an unlawful search and seizure. For the following reasons, the Court concludes Mr. Brown's Petition and Amended Petition (Doc. Nos. 2, 13) should be DISMISSED.

## II.     ANALYSIS

### A.     Statute of Limitations

Respondent argues that Mr. Brown's Amended Petition is barred by the statute of limitations. (Doc. No. 6 at 4.) Title 28 U.S.C. §§ 2241 (d)(1) and (2) impose a one-year period of limitation on petitions for writ of habeas corpus:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

After carefully reviewing the record, the Court finds both the Petition and Amended Petition are untimely. The one-year limitations period for filing a federal habeas petition began on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Giving Petitioner the benefit of the doubt, the Court concludes Brown's conviction became final on February 15, 2012. The period from April 1, 2010, to February 14, 2012, was tolled because

his "properly filed" application for post-conviction relief was pending in state court. 28 U.S.C. § 2244(d)(2). An application is pending "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219–20 (2002). Brown's Rule 37 petition was denied on October 31, 2011, and he timely filed his notice of appeal of that decision on November 16, 2011. And the Arkansas appellate court rules allowed him ninety days from the date of filing his notice of appeal to perfect his appeal by lodging the record with the Arkansas Supreme Court. *Mills v. Norris*, 187 F.3d 881, 883-84 (8th Cir. 1999.) But Mr. Brown failed to perfect his appeal within those ninety days - by February 15, 2012. He was also not granted any extensions and the one year limitations period began running on February 15, 2012. Accordingly, by filing his habeas Petition on July 5, 2013, Mr. Brown was 140 days late.

Because § 2244(d) is a statute of limitations and not a jurisdictional bar, the limitations period may be subject to equitable tolling if a petitioner can show: (1) he has been "pursuing his rights diligently," but (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2560, 2562 (2010). Mr. Brown has not shown that he acted "diligently" in asserting his federal habeas claims or that some "extraordinary circumstance" prevented him from filing a timely habeas petition. Mr. Brown was aware of the factual basis for his federal habeas claims during the running of the one-year limitations period, since he raised these same claims in his Rule 37 petition. The fact Mr. Brown was trying to pursue his appeal in state court does not excuse him from diligently taking the necessary steps to preserve and timely file his federal habeas claims. *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (prisoner seeking state post-conviction relief can file a "protective" federal habeas petition and ask federal court to stay the habeas action until conclusion of state proceedings); *Runyan v. Burt*, 521 F.3d 942, 945-46 (8th Cir. 2008) (no equitable tolling where petitioner's post-conviction applications were not

5

properly filed and thus did not toll the statute of limitations, and he "could have protected himself" during their pendency by filing a timely federal habeas petition and seeking "stay and abeyance"); *Walker v. Norris*, 436 F.3d 1026, 1030–31 (8th Cir.2006). Petitioner was notified on multiple occasions that no record on appeal was lodged so he had ample warning of the defects in his state case and the need to take action to toll the impending one year federal habeas deadline. (Doc. No. 2 at 60, 61, 74, 79.)

Mr. Brown has also not alleged, much less demonstrated, any "extraordinary circumstances" as required by *Holland*. And a petitioner's *pro se* status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law, does not justify equitable tolling. See, *e.g., Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir.2012); *Shoemate v. Norris*, 390 F.3d 595, 597–98 (8th Cir. 2004). In other words, where a habeas petitioner has encountered "the kinds of obstacles faced by many if not most habeas petitioners," equitable tolling is not available because Congress is presumed to have considered such obstacles in determining that one year represents a fair and appropriate limitations period. *Runyan*, 521 F.3d at 945–46.

Finally, Mr. Brown's claims do not involve claims of actual innocence. There is no question that he possessed the gun and drugs. Instead, his claims relate to the legitimacy of the actions by law enforcement officers. Therefore, tolling under *McQuiggin v. Perkins*, 569 U.S. ––––, 133 S.Ct. 1924, 1928 (2013), does not apply and the Court concludes Mr. Brown's Petition and Amended Petition for Writ of Habeas Corpus should be dismissed as time barred.

**B.  Procedural Default**

Respondent also correctly argues that the Petition is procedurally defaulted. (Doc. No. 14 at 6.) Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *See* 28

U.S.C. § 2254(b) (stating a state prisoner must exhaust available state court remedies before raising a claim in a federal habeas corpus proceeding).  This requirement is in place to afford the state the opportunity to correct any constitutional errors before the federal courts intervene. *Lenza v. Wyrick*, 665 F.2d 804, 807-8 (8th Cir. 1981); *Picard v. Connor*, 404 U.S. 270, 275 (1971) ("We have consistently adhered to this federal policy for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.") (citations omitted).

Mr. Brown's claims are procedurally defaulted by his failure to timely lodge the record in appealing the denial of his Rule 37 petition.  A federal court is precluded from substantively considering a habeas corpus claim that a state court has disposed of on independent and adequate non-federal grounds, including state procedural grounds. *Clemons v. Luebbers,* 381 F.3d 744, 750 (8th Cir. 2004).  Mr. Brown failed to lodge the record in his post-conviction appeal within 90 days of the date he filed his notice of appeal.  As such, all of Mr. Brown's grounds for relief as alleged in his Petition and Amended Petition are procedurally defaulted.

Where procedural default has occurred, federal habeas review is permitted only if the petitioner can demonstrate (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claims will result in a fundamental miscarriage of justice, that is, that a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  After careful review, the Court concludes that Mr. Brown fails to show any cause and prejudice, and does not allege actual innocence.  Thus, his Petition and Amended Petition are procedurally barred and should be dismissed with prejudice.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

In this case, the Petition is clearly time barred and procedurally defaulted. Therefore, no certificate of appealability should be issued.

### IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Petition and Amended Petition for Writ of Habeas Corpus (Doc. Nos. 2, 13) be DISMISSED.

2. A certificate of appealability should not be issued.

DATED this 24th day of April, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE