IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**MELVIN M. BROWN**                                                                                              **PETITIONER**
**ADC #145035**

v.                                    Case No. 5:13-cv-00207-KGB

**RAY HOBBS, Director of the**
**Arkansas Department of Correction**                                              **RESPONDENT**

## ORDER

The Court has reviewed the Proposed Findings and Recommendations ("Recommendations") submitted by United States Magistrate Judge Joe J. Volpe (Dkt. No. 16), as well as petitioner Melvin M. Brown's objections (Dkt. No. 21).  After carefully considering the objections and making a *de novo* review of the record in this case, the Court concludes that the Recommendations should be, and hereby are, approved and adopted in its entirety as this Court's findings in all respects.

The Court writes separately to address Mr. Brown's objections.  Mr. Brown argues that the "Ouachita County Circuit Court Clerk's office has created an unconstitutional impediment to filing his federal habeas petition by failing to prepare and transmit the record of the denial of his Rule 37 Petition to him within the ninety (90) days in order to lodge in the Appellate Court . . . ." (Dkt. No. 21, at 2).  Mr. Brown asserts that this qualifies as a state-created impediment that tolled the limitation period under 28 U.S.C. § 2244(d)(1)(B) and overcomes his procedural default.

However, Mr. Brown cites no authority suggesting that the Circuit Clerk was required to prepare and transmit the record to him, or to lodge it for him with the Arkansas Supreme Court, upon his filing of a notice of appeal.  Further, Mr. Brown was notified on multiple occasions and as early as December 19, 2011, that no record of appeal was lodged (Dkt. No. 2, at 60, 61, 74).

On February 28, 2012, after the 90 days he had to perfect his appeal, Mr. Brown requested that the Circuit Clerk send the record of appeal to the Clerk of the Supreme Court (*Id.* at 63, 66). The Circuit Court informed Mr. Brown that "[i]t is not the responsibility of the Trial Court, nor the Circuit Clerk to lodge the record with the Supreme Court" (*Id.*). The record before the Court indicates that, as of March 21, 2012, Mr. Brown had not ordered a transcript (*Id.* at 66, 73). There was no external impediment preventing Mr. Brown from lodging a record of appeal before the 90 day deadline. As the Recommendations make clear, a petitioner's *pro se* status, lack of legal knowledge or legal resources, or any confusion about the federal limitation period or state post-conviction law does not justify equitable tolling or federal review of procedurally defaulted claims. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) ("'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him . . . ."); *Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004).

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Courts, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which Mr. Brown has made a substantial showing of a denial of a constitutional right. Thus, the certificate of appealability is denied.

It is therefore ordered that Mr. Brown's petition and amended petition are dismissed with prejudice (Dkt. Nos. 2, 13).

SO ORDERED this the 9th day of December, 2014.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE